NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. GAILEY, II, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLACE FINANCIAL, LLC,<br><br>Defendant. | Case No.  5:13-cv-00598 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. No. 26] |

This is a putative class action for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.  Defendant Solace Financial, LLC (Solace) has filed Discovery Dispute Joint Report (DDJR) No. 1, seeking an order compelling plaintiff to respond to Solace's written discovery requests and to appear for a deposition.  The DDJR was filed by Solace unilaterally because this court is told that plaintiff failed to participate in the preparation of a joint report as required by the undersigned's Standing Order re Civil Discovery Disputes (despite Solace's attempts to obtain plaintiff's input).  The court has not received any response from plaintiff to DDJR No. 1.  The matter is deemed submitted without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of Solace's arguments, its request for an order compelling the subject discovery is granted.

According to Solace, on October 11, 2103, it served plaintiff with interrogatories and document requests, but he failed to respond at all to these requests by the 30-day deadline.  Fed. R.

Civ. P. 33(b)(2), 34(b)(2)(A). There is no indication that plaintiff ever requested an extension of time to serve his responses. And, on November 21, 2013, Solace says that it sent plaintiff written correspondence, advising that his objections to the written discovery requests were waived, and requesting that he serve his responses, without objections, forthwith. Solace says that no responses were served. Nearly two months later, plaintiff reportedly told defendant that he was finalizing his responses, which would be served shortly. Solace says that, despite this representation, plaintiff never did serve his responses to the subject interrogatories or document requests.

On October 21, 2013 and November 1, 2013, Solace says that it requested dates for plaintiff's deposition. This court is told that plaintiff never provided any. And, defendant says that it eventually served plaintiff with a formal notice on November 4, 2013 for a November 12, 2013 deposition. Defendant says it chose that date so that it could depose plaintiff prior to the parties' then-scheduled November 19, 2013 Early Neutral Evaluation (ENE).[1] According to Solace, plaintiff's counsel responded on November 4 and refused to provide dates because he did not believe that Solace needed plaintiff's deposition prior to the ENE. Plaintiff reportedly never responded to Solace's subsequent requests for deposition dates or to defendant's correspondence advising that it would seek an order compelling plaintiff's deposition if no dates were provided.

Objections to written discovery must be timely served and stated with specificity. See Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."). Plaintiff having failed to respond to defendant's written discovery requests, all of his objections are waived. On the record presented, this court finds no good cause to excuse plaintiff's failure to respond. See Richmark Corp. v. Timber Falling

---

[1] Solace says that the ENE had to be canceled due to plaintiff's counsel's travel-related issues, and the parties are still in the process of rescheduling it.

2

Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). Moreover, the court finds no reason why plaintiff should not appear for his deposition. Indeed, Solace advises that fact discovery in this matter closed on January 31, 2014. Although plaintiff may disagree whether Solace needs his deposition before any ENE, that is no reason to refuse to cooperate in the scheduling of the deposition or to refuse to appear at all.

Accordingly, Solace's request for an order compelling discovery is granted. Within 14 days from the date of this order, plaintiff shall (1) serve his interrogatory answers and produce documents responsive to Solace's requests, without objection; and (2) schedule a date for his deposition. Plaintiff is advised that this court expects him to cooperate in good faith in scheduling his deposition, including any pre-ENE dates on which he is available for examination.

SO ORDERED.

Dated: February 14, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:13-cv-00598-EJD Notice has been electronically mailed to:

Andrew M. Steinheimer    asteinheimer@ellislawgrp.com, cstrong@ellislawgrp.com, jmueller@ellislawgrp.com, mellis@ellislawgrp.com, restrella@ellislawgrp.com

Brandon L. Reeves    breeves@ellislawgrp.com, CCORMIER@ellislawgrp.com, pcrary@ellislawgrp.com

Philip D. Stern    pstern@philipstern.com

Robert Elmer Schroth , Jr    robschrothesq@sbcglobal.net

4